**Mary Jane Boling THOMAS, Appellee,**

v.

**The CITY OF TULSA,
Oklahoma, Appellant.**

No. 66497.

Supreme Court of Oklahoma.

Dec. 6, 1988.

Neal E. McNeill, Martha Rupp Carter, Tulsa, for appellant.

John L. Harlan, Sapulpa, for appellee.

HARGRAVE, Vice Chief Justice.

Certiorari to Court of Appeals, Oklahoma City Divisions. The parties herein will be referred to by their trial court designations. The plaintiff, Mary Jane Boling Thomas, was injured by actions of defendant's employees on December 31, 1981. Plaintiff sued the City of Tulsa under the Political Subdivision Tort Claims Act [the Act], 51 O.S.1981 § 151 et seq.[1] and jury trial was held in March, 1985. The jury returned a verdict finding the City 60% negligent and plaintiff 40% contributorily negligent. The jury set the dollar amount of damages, without regard to the percentages of negligence, at $60,000.00, to be reduced by the judge by the percentage of plaintiff's contributory negligence. The trial judge reduced the $60,000.00 amount by 40% and entered judgment for the plaintiff for $36,000.00.

Defendant filed a motion to modify the amount of the judgment. Defendant contended that because defendant's liability under 51 O.S.1981 § 154 A(2) was limited to $50,000.00, the plaintiff's award should have been 60% of $50,000.00, rather than 60% of the $60,000.00 amount determined

1. Amended by Okla.Sess.Laws 1984, c. 226;  Okla.Sess.Laws 1984, c. 228.

by the jury. The trial court overruled defendant's motion to modify and defendant appealed. The Court of Appeals reversed the trial court's decision and remanded with directions to vacate the order overruling defendant's motion to modify and enter judgment for plaintiff for $30,000.00. We granted writ of certiorari.

The then-effective section of the Political Subdivision Tort Claims Act, Title 51 O.S. 1981 § 154(A), relied upon by defendant provided:

"The liability of a political subdivision or an employee on claims within the scope of this act shall not exceed:

2. Fifty-thousand dollars ($50,000.00) to any claimant for all other claims arising out of a single accident or occurrence."

The City of Tulsa contends that because its liability was limited by statute to $50,000.00, that figure should be used instead of the amount determined by the jury in computing the amount defendant will have to pay, even where a computation reducing the jury's verdict by the percentage of plaintiff's contributory negligence would result in an amount less than the $50,000.00 limit.

The plaintiff's position is, in effect, that she is entitled to the amount awarded by the jury, decreased by her percentage of negligence, and that § 154 creates only a $50,000.00 limit on what defendant must pay. Plaintiff cites Title 23 O.S.1981 § 14, which provides:

"Where such contributory negligence is shown on the part of the person injured, damaged or killed, the amount of the recovery shall be diminished in proportion to such person's contributory negligence."

The formula used by the trial court is in accord. The amount of the recovery, $60,000.00, was reduced by plaintiff's 40% contributory negligence. Plaintiff argues that nothing in 51 O.S.1981 § 154 disturbed the 23 O.S.1981 § 14 "amount of the recovery" to be reduced by the percentage of plaintiff's contributory negligence. We agree.

Our reading of the Act supports the actions of the trial judge. Title 51 O.S.1981 § 153 set out defendant's liability for its torts or the torts of its employees acting within the scope of their employment, subject to the limitations specified in the Act. The limitations in § 154(A) were monetary limitations, by amounts.

Our reading of Title 51 O.S.1981 § 154(A) is that it merely set a cap on the amount to be paid to any claimant by the political subdivision. The statute did not set a limit on the amount of damages the jury could find. It said, rather, that the political subdivision's liability shall not exceed $50,000.00. Here, under the trial court's determination, the City of Tulsa will not be liable for more than $50,000.00.

Contributory negligence is not a bar to recovery unless plaintiff's negligence is of a greater degree than that of the defendant. 23 O.S.1981 § 13. Where a plaintiff has proven its case and the jury returns a verdict finding plaintiff's negligence to be of a lesser degree than that of the defendant, the plaintiff is entitled to recover the amount of the jury's award, reduced by the percentage of plaintiff's negligence. 23 O.S.1981 § 14, *supra*. Title 51 O.S.1981 § 164 provided that the statutes of the state of Oklahoma, insofar as not inconsistent with the provisions of the Act, would apply to and govern all actions brought under the Act. Defendant has failed to show any inconsistency between Oklahoma's comparative negligence statute cited above and the Act and we find none in this case. Defendant has failed to show why plaintiff's award as reduced by the trial judge, which falls within the $50,000.00 statutory limit of 51 O.S.1981 § 154(A)(2), should be further reduced. Our reading of the Political Subdivision Tort Claims Act, *supra*, does not support defendant's contention.

The legislative intent expressed in 51 O.S.1981 § 154(A) was that the political subdivision would not be liable for more than the amounts set out in the statute. There was no language from which we can infer that, where plaintiff is contributorily negligent, the plaintiff's recovery is limited to a percentage of $50,000.00. We hold, rather, that the plaintiff is entitled to a

percentage of total recovery, up to the then-applicable statutory limit of $50,-000.00.

MEMORANDUM DECISION BY ORDER OF THE COURT OF APPEALS IS VACATED. THE TRIAL COURT'S ORDER OVERRULING DEFENDANT'S MOTION TO MODIFY AMOUNT OF JUDGMENT IS AFFIRMED.

All Justices concur.